IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK BANKS, ) | |
| Reg #05711-068 ) | |
|    Petitioner, ) | **Case No. 2:12-CV-00188 JLH-JTK** |
| ) | |
| v. ) | |
| ) | |
| JOHN B. FOX,[1] Warden, ) | |
| FCI – Forrest City ) | |
|    Respondent. | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

---

[1] The Clerk is instructed to substitute Mr. Fox as the respondent. Fed. R. Civ. Pro. 25.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Frederick Banks for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 2). Respondent has filed a response contending that the Petition should be dismissed. (Doc. No. 4).

## Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). He was previously incarcerated at FCI-Fort Dix. While at FCI-Fort Dix, Petitioner was participating in the Residential Drug Abuse Program (RDAP). He argues that the transfer delayed his completion of the program, which would have allowed him to receive a reduced sentence. Bureau of Prisons (BOP) staff determined that Petitioner's continued presence at FCI-Fort Dix was a threat to its safe, secure, and orderly operation, and they assigned him a Central Inmate Monitoring system (CIM) designation indicating that he needed to be separated from one or more of his fellow inmates. He requests that the CIM be removed and that he be transferred back to FCI-Fort Dix.

**Discussion**

Petitioner has failed to raise any valid claims under § 2241. Although prisoners can challenge their conditions of confinement through a § 2241 petition, they must allege "a substantial infringement of a constitutional right." *Albers v. Ralston*, 665 F.2d 812, 815 (8th Cir. 1981) (quoting *Willis v. Ciccone*, 506 F.2d 1011, 1019 (8th Cir. 1974).

Petitioner's complaints regarding the location of his confinement are without merit. "A prisoner has no constitutional right to placement in a particular penal institution. The BOP 'has the discretion to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all.'" *Antonelli v. Sanders*, 2:06-CV-0052-SWW-JFF, 2006 WL 667964, at *2 (E.D. Ark. Mar. 15, 2006) (quoting *Brown-Bey v. United States,* 720 F.2d 467, 470 (1983)) (internal citations omitted).

With respect to his claims regarding the RDAP, "Petitioner does not have a liberty interest in his participation in the RDAP or in the good time he may have earned upon successful completion of the program." *Bennett v. Outlaw*, 2:09-CV-00053-JJV, 2009 WL 3808528, at *2 (E.D. Ark. Nov. 13, 2009). "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

Finally, the decision to assign Petitioner a CIMS designation appears to have been one that was properly made within the discretion of the BOP. This was not a substantial infringement of a constitutional right.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 1st day of May, 2013.

_____
United States Magistrate Judge